TOM EPPERSON *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7544)

Submitted April 11, 1933.    Decided April 18, 1933.

*Chauncey Browning,* for appellant.

*Homer A. Holt,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

MAXWELL, PRESIDENT:

This is an appeal from an order of the compensation commissioner refusing compensation to claimant.

Claimant first felt pain in his abdomen July 22nd or 23rd, 1931, while he was using a "breast auger" in boring holes for shots preparatory to shooting down coal. He testified: "I was drilling my last hole and I was putting my weight, pushing against my abdomen and something stung me like a pin stuck in there." He worked two days thereafter but has not worked since. It is claimant's contention that his injury and disability arose from his continuous use of an auger while employed as a coal loader by the Guyan Eagle Coal Company from January 26, 1931, to the date of the injury.

Claimant first consulted a physician (Dr. C. A. Martin, employed by the coal company) early in August, 1931. Dr. Martin "found a tumor mass near the umbilicus" and sent him to the Hatfield-Lawson Hospital in Logan. Dr. H. D. Hatfield operated the latter part of August, removing the tumor. The injury and disability was first reported to the commissioner by Dr. Hatfield in a letter of November 20, 1931.

An inspector for the department investigated the claim and obtained affidavits which he submitted to the commissioner who refused to make an award because it was not proved that the "disability was due to an injury." A hearing was thereafter granted claimant and held June 2, 1932. December 9, 1932, the commissioner entered an order affirming his former finding.

Claimant was alone in the mine when he first suffered the discomfortableness noted, but very soon thereafter a motorman and another employee came to his working place. One of these witnesses stated that claimant was "holding his stomach" and he, claimant, said he "hurt hisself with the driller." The other stated that claimant complained only of an injury to his wrist. These witnesses do agree, however, that claimant was, prior to July 22nd or 23rd, a man of strong physique, an excellent worker, and "loaded more coal than anybody on the entry."

Three doctors gave evidence as to claimant's disability. Dr. Martin made two statements in which he said that he examined claimant first about August 8, 1931; that he found a "tumor mass of the abdomen"; that there was no outside evidence of an injury, and it was very doubtful whether the disability was a result of the injury complained of. Dr. Hatfield also made two statements and in each he said that the muscles of the abdomen had evidently been traumatized by using the auger to such an extent that claimant had developed a "tumor mass" of the abdominal muscles. He stated also that he operated and removed the tumor; that a pathological analysis disclosed a "low grade of infection of the fascia and abdominal muscles due to trauma"; that there was no question as to the cause of the involvement of these muscles. He was unequivocal in his statement that the tumor was caused by trauma. Dr. L. W. Lawson, who was present when Dr. Hat-

field made the examination of claimant, corroborated the statements of Dr. Hatfield.

There is nothing in the record to contradict affirmatively the clear and definite statements of Dr. Hatfield. We are therefore of opinion that the evidence establishes that claimant's disability is a result of an injury received by him in the course of his employment and is compensable. Where a finding of the commissioner is at variance with a clear preponderance of the whole evidence, such finding will be reversed. *Sedinger* v. *Commissioner*, 109 W. Va. 51, 152 S. E. 857.

We reverse the finding of the commissioner and remand the case for an award to be made in compliance with the Workmen's Compensation Act.

*Reversed and remanded.*